UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BRAZILIAN PROSTHETIC DEVICE
BRIBERY LITIGATION                                                                            MDL No. 2780


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiff Associação Brasileira de Medicina de Grupo d/b/a ABRAMGE moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois or, alternatively, in the District of Delaware or the Western District of Michigan. This litigation consists of three actions—one pending in each of the District of Delaware, the Northern District of Illinois, and the Western District of Michigan—as listed on Schedule A. The defendants in all three actions oppose centralization.

On the basis of the papers filed and the hearing session held,[1] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiff has not met that burden here.

These three actions share a common factual backdrop—a January 2015 Brazilian television news program featured a series of reports regarding pervasive bribery, kickbacks, and fraud in the sale of medical devices in Brazil, which spawned a Brazilian governmental investigation and these three lawsuits by plaintiff, an association of 142 private group health insurers in Brazil. That, however, is the only commonality among these actions. Different defendants are sued in each action, and there is no allegation that these defendants conspired or coordinated with one another. Indeed, plaintiff's allegations that each defendant used improper means to capture a higher share of the Brazilian market for medical devices are inconsistent with any such overarching conspiracy. The factual issues presented in each action thus will be primarily case-specific, and any overlapping discovery likely will be limited to discovery of the common plaintiff. There also is no significant risk of inconsistent pretrial rulings, as these actions are brought on an individual (not a class) basis against different defendants.

Significantly, both plaintiff and defendants state that they are willing to cooperate with one another to coordinate any potentially duplicative discovery. Thus, informal coordination among the

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle took no part in the decision of this matter.

[1] The parties waived oral argument.

-2-

involved courts and cooperation by the parties appear eminently feasible and preferable to centralization. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
R. David Proctor           Catherine D. Perry

IN RE: BRAZILIAN PROSTHETIC DEVICE  
BRIBERY LITIGATION                                                              MDL No. 2780

## SCHEDULE A

<u>District of Delaware</u>

ASSOCIACAO BRASILEIRA DE MEDICINA DE GRUPO v. BOSTON SCIENTIFIC
    CORPORATION, ET AL., C.A. No. 1:16-01184

<u>Northern District of Illinois</u>

ASSOCIACAO BRASILEIRA DE MEDICINA DE GRUPO D/B/A ABRAMGE v.
    ABBOTT LABORATORIES, INC., C.A. No. 1:16-11326

<u>Western District of Michigan</u>

ASSOCIACAO BRASILEIRA DE MEDICINA DE GRUPO v. STRYKER
    CORPORATION, C.A. No. 1:16-01366